IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
September 30, 2021 04:46 PM
SX-2018-CV-00529
**TAMARA CHARLES**
**CLERK OF THE COURT**



## SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| **JAMAL M. ABED AND JALAL M. ABED,** | Civil No. SX-18-CV-529 |
| PLAINTIFFS, | |
| v. | **JURY TRIAL DEMANDED** |
| **ANUAR MUFID ABED, AKRAM MUFID ABED, AND SION FARM SERVICE STATION, LLC,** | CITE AS: 2021 VI SUPER 98 |
| DEFENDANTS. | |

**Appearances:**
**Eszart A. Wynter, Sr., Esq.**
Law Offices Eszart A. Wynter, Sr., P.C.
Frederiksted, U.S. Virgin Islands
For Plaintiffs

**Dwayne Henry, Esq.**
Law Offices of Dwayne Henry
Christiansted, U.S. Virgin Islands
For Defendants

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Presiding Judge**

¶ 1    **THIS MATTER** is before the Court *sua sponte* for review.

### BACKGROUND

¶ 2    On November 5, 2018, Plaintiff Jamal M. Abed and Plaintiff Jalal M. Abed's (hereinafter collectively, "Plaintiffs") filed a verified complaint against Defendant Anuar Mufid Abed, Defendant Akram Mufid Abed, and Defendant Sion Farm Service Station, LLC (hereinafter collectively, "Defendants"). On November 28, 2018, Defendants filed a joint answer in response to Plaintiffs' verified complaint.

¶ 3    Subsequently, the parties proceeded to discovery.

¶ 4    On September 17, 2019, the Court entered an order whereby the Court ordered the parties to file a stipulated scheduling order within thirty days from the date of entry of the said order.

¶ 5    On August 30, 2019, Plaintiffs filed a notice whereby Plaintiffs advised the Court that Plaintiffs have served Defendants with Plaintiffs' requests for admission and Plaintiffs' first set of interrogatories and requests for production of documents.

¶ 6    On October 31, 2019, Plaintiffs filed a motion to deem requests for admission admitted and conceded and compel responses to interrogatories and requests for production of documents in connection with the discovery propounded by Plaintiffs on or about August 30, 2019. To date, Defendants have not filed a response thereto. On October 31, 2019, Plaintiffs also filed a motion to compel Rule 26 meet and confer. To date, Defendants have not file a response thereto.

¶ 7    On February 27, 2020, the parties appeared before the Court for a status conference whereby the Court ordered the parties to: (i) submit a stipulated scheduling order by March 5, 2020 and (ii) meet and confer by March 3, 2020.

¶ 8    On April 3, 2020, Plaintiffs filed an informative motion whereby Plaintiffs advised the Court that Plaintiffs have "tried to adhere to the Virgin Islands Rules of Civil Procedure and this Court's Order but has received no feedback from the Defendants or their attorneys in this matter [regarding the stipulated scheduling order]" and that "[t]he imposition of a fine against the Plaintiffs and their attorney in this matter is not warranted because the undersigned has consistently tried to contact the Defendants and their attorneys in this matter."[1] (April 3, 2020 motion, p. 3.)

---

[1] Although labeled as an "Informative Motion," Plaintiffs did not move the Court to do anything. Instead, the filing was purely informationive. Thus, the Court will construe Plaintiffs' April 3, 2020 motion as a notice, and no further action from the Court is necessary. Plaintiffs are reminded to label their filings properly.

¶ 9    On November 16, 2020, the Court granted the parties stipulated scheduling order and entered a scheduling order in this matter.

¶ 10    On February 24, 2021, Plaintiffs filed a motion to deem requests for admission admitted and conceded and compel responses to interrogatories and requests for production of documents in connection with the discovery propounded by Plaintiffs on or about August 30, 2019.

¶ 11    On August 12, 2021, the parties appeared before the Court for a status conference whereby the Court, *inter alia*, granted Defendants' request for additional time to respond to Plaintiffs' February 24, 2021 motion and ordered Defendants to file its response to Plaintiffs' February 24, 2021 motion on or before August 13, 2021.

¶ 12    To date, Defendants have not filed a response to Plaintiffs' February 24, 2021 motion.

## DISCUSSION

¶ 13    The Court will address the outstanding issues in this matter.

**I.    Plaintiffs' October 31, 2019 Motion to Deem Requests for Admission Admitted and Conceded and Compel Responses to Interrogatories and Requests for Production of Documents**

¶ 14    The Court finds that Plaintiffs implicitly withdrew their October 31, 2019 motion to deem requests for admission admitted and conceded and compel responses to interrogatories and requests for production of documents in connection with the discovery propounded by Plaintiffs on or about August 30, 2019 when they filed their February 24, 2021 motion to deem requests for admission admitted and conceded and compel responses to interrogatories and requests for production of documents in connection with the discovery propounded by Plaintiffs on or about August 30, 2019. *See In re Refinery Dust Claims*, 72 V.I. 256, 290 (Super. Ct. Dec. 13, 2019) (citing *Mitchell v. Gen. Eng'g Corp.*, 67 V.I. 271, 278 (Super. Ct. Feb. 23, 2017) ("a motion can also be deemed withdrawn based on certain actions or inactions of the party who filed the motion");

*see also Magras v. National Industrial Services, et al.*, 2021 V.U. Super 50U, ¶ 8; *see also, In re Refinery Dust Claims*, 72 V.I. 256, 290 (Super. Ct. Dec. 13, 2019). As such, Plaintiffs' October 31, 2019 motion to deem requests for admission admitted and conceded and compel responses to interrogatories and requests for production of documents will be deemed withdrawn.

## II. Plaintiffs' October 31, 2019 Motion to Compel Rule 26 Meet and Confer

¶ 15    As noted above, at the February 27, 2020 status conference, the Court ordered, *inter alia*, the parties to meet and confer. As such, the Court will deny as moot Plaintiffs' October 31, 2019 motion to compel Rule 26 meet and confer.

## III. Plaintiffs' February 24, 2021 Motion to Deem Requests for Admission Admitted and Conceded and Compel Responses to Interrogatories and Requests for Production of Documents

¶ 16    In their February 24, 2021 motion, Plaintiffs advised the Court that Defendants have not responded to the discovery propounded by Plaintiffs on or about August 30, 2019—to wit, Plaintiffs' requests for admission and Plaintiffs' first set of interrogatories and requests for production of documents. Plaintiffs also requested for "all costs associated with the filing of Motions." (Feb. 24, 2021 Motion, p. 3.)

¶ 17    For clarity, the Court will address Plaintiffs' February 24, 2021 motion in three separate parts: (i) Plaintiffs' motion to deem requests for admission admitted and conceded, (ii) Plaintiffs' motion to compel responses to interrogatories and requests for production of documents, and (iii) Plaintiffs' requests for all costs.

### A. Motion to Deem Facts Admitted

#### 1. Standard of Review

¶ 18    Requests for admissions are governed by Rule 36 of Virgin Islands Rules of Civil Procedure (hereinafter "Rule 36"). Rule 36 provides that "[a] party may serve on any other party

a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." V.I. R. CIV. P. 36(a)(1). Rule 36 further provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney" but "[a] shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." V.I. R. CIV. P. 36(a)(3). "A matter admitted under this [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." V.I. R. CIV. P. 36(b). However, "[a]n admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding." Id. Furthermore, "[w]hile Rule 36 allows a party to request an admission of 'the application of law to fact,' requests for purely legal conclusions are not permitted under Rule 36 and the Court finds such requests to be improper because it could lead to parties stipulating to the law."[2] *Watson v. Gov't of the Virgin Islands*, 2017 V.I. LEXIS 43, \*10-12 (Super. Ct. March 7, 2017); *see Matthew v. Herman*, 56 V.I. 674, 682 (V.I. 2012) ("parties cannot stipulate to the law, especially in a situation…where the decision may impact other pending or future cases"); *see also, Der Weer v. Hess Oil V.I. Corp.*, 64 V.I. 107, 2016 V.I. LEXIS 21, \*54 ("the parties cannot stipulate to the law, not explicitly by agreeing on the applicable law, or implicitly by not questioning what law applies") (internal quotation marks and citations omitted).

---

[2] The *Watson* court was addressing Rule 36 of Federal Rules of Civil Procedure (hereinafter "Federal Rule 36"). Rule 36 is modeled after Federal Rule 36. Thus, the Court finds the discussion in *Watson* applicable in this instance.

## 2. Discussion

¶ 19    Based on the records in this matter, it is undisputed that Defendants were served with Plaintiffs' requests for admission and Defendants failed to serve a timely written answer or objection in response.[3] While Plaintiffs filed the February 24, 2021 motion to deem facts admitted, it was not necessary to do so. Under Rule 36(a)(3), matters contained in Plaintiff's requests for admissions—provided that the requests fall within the scope of Rule 36(a)(1)—were automatically deemed admitted since more than thirty days have passed after Defendants were served and Defendants have not responded with written answers or objections. V.I. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."). As such, the Court need not grant Plaintiffs' February 24, 2021 motion as to Plaintiffs' motion to deem the requests for admissions admitted and conceded. However, the Court must review the requests for admissions and make a finding as to which requests fall within the scope of Rule 36(a)(1). *See Watson,* 2017 V.I. LEXIS 43 at *12 ("Thus, when the Court granted Plaintiff's motions to deem facts admitted against Defendant Governor and Defendant GVI, the Court should have specified in its orders, entered on July 9, 2013 and August 12, 2013, that only those requests that fall within the scope of Rule 36(a)(1) are deemed admitted and made a finding as to which requests fall within the scope of Rule 36(a)(1)."). Here, Plaintiffs did not include a copy of the requests for admissions Plaintiffs propounded on or about August 30,

---

[3] As noted above, at the August 12, 2021 status conference, Defendants acknowledged that they have not responded to Plaintiffs' February 24, 2021 motion to deem requests for admission admitted and conceded and compel responses to interrogatories and requests for production of documents and requested additional time to respond thereto. Thus, the Court concludes that Defendants were served with Plaintiffs' requests for admission and Plaintiffs' first set of interrogatories and requests for production of documents.

2019 with this motion. Thus, at this juncture, the Court will order Plaintiffs to file a copy of the requests for admissions Plaintiffs propounded on or about August 30, 2019 so the Court can determine which requests fall within the scope of Rule 36(a)(1).

### B. Motion to Compel Responses to Interrogatories and Requests for Production of Documents

#### 1. Standard of Review

¶ 20   Rule 33 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 33") permits a party to serve on any other party written interrogatories, V.I. R. CIV. P. 33(a), and requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." V.I. R. CIV. P. 33(b)(3). Rule 34 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 34") permits a party to serve on any other party requests for production of documents or tangible things to inspect and requests for entry, V.I. R. CIV. P. 34(a), and requires that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons" and "the responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection." V.I. R. CIV. P. 34(b)(2)(B). Under Rule 34, "[t]he production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." V.I. R. CIV. P. 34(b)(2)(B).

¶ 21   Rule 37 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 37") governs Rule 33 and Rule 34 violations. Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection...if: ... (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or

fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34," V.I. R. CIV. P. 37(a)(3)(B)(iii)-(iv), and that "[t]he court may, on motion, order sanctions" for such Rule 33 and Rule 34 violations. V.I. R. CIV. P. 37(d)(1)(A)(ii). Rule 37 further provides that "[a] failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." V.I. R. CIV. P. 37(d)(2).

## 2. Discussion

¶ 22    The Court will note at the outset that the Court finds the parties have in good faith conferred as previously ordered by the Court at the February 27, 2020 status conference.[4]

¶ 23    Based on the records in this matter, it is undisputed that Defendants were served with Plaintiffs' first set of interrogatories and requests for production of documents.[5] Defendants violated Rule 33 and Rule 34 when they failed to timely respond to Plaintiffs' first set of interrogatories and requests for production of documents. There is no pending motion for a protective order under Rule 26(c), so Defendants' failure is not excused. Thus, at this juncture, the Court will grant Plaintiffs' February 24, 2021 motion as to Plaintiffs' motion to compel Defendants to respond to Plaintiffs' first set of interrogatories and requests for production of documents, and

---

[4] Motions related to discovery pursuant to Rules 26 through 37 of the Virgin Islands Rules of Civil Procedure are governed by Rules 37 and 37.1 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 37" and "Rule 37.1," respectively). Rule 37 and Rule 37.1 mandates that the moving party submit a certification with its motion certifying that both parties engaged in substantive, good faith negotiations before filing a discovery motion. V.I. R. CIV. P. 37(a) and 37.1(a). *See* V.I. R. CIV. P. 37(a) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); V.I. R. CIV. P. 37.1(a) ("Prior to filing any motion relating to discovery pursuant to Rules 26 through 37, other than a motion relating to depositions under Rule 30, counsel for the parties and any self-represented parties shall confer in a good faith effort to eliminate the necessity for the motion -- or to eliminate as many of the disputes as possible.").

[5] *See supra*, footnote 3.

order Defendants to serve their responses to Plaintiffs' first set of interrogatories and requests for production of documents.

### C. Request for Costs

#### 1. Defendants' Failure to Respond to Plaintiffs' Requests for Admissions

¶ 24    Under Rule 37, "[i]f a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof" and "[t]he court must so order unless: (A) the request was held objectionable under Rule 36(a); (B) the admission sought was of no substantial importance; (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or (D) there was other good reason for the failure to admit." V.I. R. CIV. P. 37(c)(2).

¶ 25    Here, Plaintiffs have not proved "a document to be genuine or the matter true." Id. As such, the Court will not award Defendants to pay the reasonable expenses, including attorney's fees, at this juncture.

#### 2. Defendants' Failure to Respond to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents

¶ 26    Rule 37 permits a party seeking discovery to move for an order compelling disclosure, answer, designation, production, inspection, and for appropriate sanctions. *See* V.I. R. CIV. P. 37. If the motion is granted, such as here, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." V.I. R. Civ. P. 37(a)(5)(A). The "imposition of sanctions for abuse of discovery under Rule 37 is a matter within the discretion of the trial court."[6] *Davis v. Varlack Ventures, Inc.*, 59 V.I. 229, 236 (V.I. 2013); *see also, Pedro v. Ranger Am. of the V.I., Inc.*, 70 V.I. 251, 294 (Super. Ct. 2019); *see also, Molloy v. Independence Blue Cross*, 56 V.I. 155, 168 (V.I. 2012) (noting the trial court's broad discretion to control discovery).

¶ 27 Here, the Court will schedule a hearing as mandated by Rule 37(a)(5)(A) to give Defendants and Defendants' counsel an opportunity to be heard on whether the Court should order Defendants and/or Defendants' counsel to pay the reasonable expenses, including attorney's fees, Plaintiffs incurred in making the motion to compel.

## IV. Scheduling Order

¶ 28 As noted above, the Court entered a scheduling order on November 16, 2020. The dates contained therein have since expired. As such, the Court will order the parties to file a stipulated first amended scheduling order.

## CONCLUSION

¶ 29 Based on the foregoing, the Court will rule on the pending motions as stated above and order the parties to file a stipulated first amended scheduling order. Accordingly, it is hereby:

**ORDERED** that Plaintiffs' motion to deem requests for admission admitted and conceded and compel responses to interrogatories and requests for production of documents, filed on October 31, 2019, is **DEEMED WITHDRAWN**. It is further:

---

[6] The *Davis* court was addressing Rule 37 of Federal Rules of Civil Procedure (hereinafter "Federal Rule 37"). Rule 37 was modeled after Federal Rule 37. Thus, the Court finds the discussion in *Davis* applicable in this instance.

**ORDERED** that Plaintiffs' motion to compel Rule 26 meet and confer, filed on October 31, 2019, is **DENIED AS MOOT**. It is further:

**ORDERED** that, **within sixty (60) days from date entry of this Memorandum Opinion and Order,** Plaintiffs shall file a copy of the requests for admission Plaintiffs propounded on Defendants on or about August 30, 2019, and **RESERVE RULING** on which requests fall within the scope of Rule 36(a)(1) pending receipt of Plaintiffs' submission. It is further:

**ORDERED** that Plaintiffs' motion to deem requests for admission admitted and conceded and compel responses to interrogatories and requests for production of documents, filed on February 24, 2021, is **GRANTED** as to Plaintiffs' motion to compel Defendants to respond to Plaintiffs' first set of interrogatories and requests for production of documents. It is further:

**ORDERED** that, **within seven (7) days from date entry of this Memorandum Opinion and Order,** Defendants shall serve Plaintiffs with a copy of their responses to Plaintiffs' first set of interrogatories and requests for production of documents. It is further:

**ORDERED** that Defendants, Defendants' counsel, and Plaintiffs' counsel shall appear a hearing via Zoom on **Thursday, November 18, 2021, at 9:00 a.m.** to be heard on whether the Court should order Defendants and Defendants' counsel to pay the reasonable expenses Plaintiffs incurred in making the motion to compel, including attorney's fees. It is further:

**ORDERED** that, on or before **Wednesday, November 10, 2021,** Plaintiffs shall file a notice advising the Court of the reasonable expenses, including attorney's fees, Plaintiffs incurred in making the motion to deem requests for admission admitted and conceded and compel responses to interrogatories and requests for production of documents, filed on February 24, 2021, but only for the portion that relates to Plaintiffs' motion to compel Defendants to respond to Plaintiffs' first

set of interrogatories and requests for production of documents, and not for the portion that relates

to Plaintiffs' motion to deem requests for admission admitted and conceded. **And** it is further:

**ORDERED** that, **within fifteen (15) days from date entry of this Memorandum Opinion and Order**, the parties shall file a stipulated first amended scheduling order. The parties

are reminded that the proffered amended scheduling order must note prominently on the first page

the numbered amendment it represents—e.g., stipulated first amended scheduling order.

**DONE and so ORDERED this** 30th **day of September 2021.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor II

Dated: ____10/1/2021____

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**